**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YANNIS BONIKOS, DIMITIRIOS OIKONOMOPOULOS, and RIGEL SHAHOLLI, *individually and on behalf of others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>FOODONI NY 23 CORP. (d/b/a E TAVERNA) and PANOS SERETIS,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiffs, YANNIS BONIKOS ("Plaintiff Bonikos"), DIMITIRIOS OIKONOMOPOULOS ("Plaintiff Oikonomopoulos"), and RIGEL SHAHOLLI ("Plaintiff Shaholli") (collectively "Plaintiffs"), individually and on behalf of others similarly situated, by and through their attorneys, Sirotkin Varacalli & Hamra, LLP, upon information and belief, and as against each of Defendants FOODONI NY 23 CORP. (d/b/a E TAVERNA) ("Defendant Corporation") and PANOS SERETIS ("Individual Defendant") (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.     This is an action to recover minimum and overtime wages and liquidated damages, interest, cots, and attorney's fees for violations of the Federal Labor Standards Act ("FLSA", the New York Labor Law ("NYLL"), and associated rules and regulations.

2.     Plaintiffs are former employees of Foodoni NY 23 Corp. (d/b/a E Taverna) and Panos Seretis.

3.      E Taverna is a Greek restaurant owned and operated by Panos Seretis located at 26-19 23rd Ave, Queens, NY 11105.

4.      Upon information and belief, during the course of Plaintiffs' employment, Defendant Panos Seretis owned, operated and managed, Defendant Corporation.

5.      Defendants employed Plaintiff Bonikos as a chef.   His duties included, but were not limited to, purchasing supplies, restocking, preparing ingredients, cooking, and cleaning the kitchen.

6.      Plaintiff Bonikos regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that he worked.

7.      Defendants failed to maintain accurate records of his hours worked and failed to pay Plaintiff Bonikos adequately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Bonikos the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Plaintiff Oikonomopoulos was ostensibly employed as a waiter, but he was required to spend several hours each day performing non-tipped duties unrelated to waiting tables, including but not limited to cooking, shopping for inventory, handling the phone, handling delivery orders, making deliveries, closing the register (hereinafter, "non-waiter, non-tip duties").

10.      Plaintiff Oikonomopoulos regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that he worked.

11.     Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff Oikonomopoulos adequately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

12.     Further, Defendants failed to pay Plaintiff Oikonomopoulos the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

13.     Defendants employed and accounted for Plaintiff Oikonomopoulos as a waiter in their payroll, but in actuality his duties included greater or equal time spent performing the non-waiter, non-tipped duties alleged above.

14.     At all times, regardless of duties, Defendant paid Plaintiff Oikonomopoulos at a rate that was lower than the required tip-credit rate.

15.     However, under both the FLSA NYLL, Defendants were not entitled to take a tip credit because Plaintiff Oikonomopoulos's non-tipped duties exceeded 20% of each workday, (12 N.Y.C.R.R. §145).

16.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Oikonomopoulos's actual duties in payroll records to avoid paying Plaintiff Oikonomopoulos at the minimum wage rate, and to enable them to pay Plaintiff Oikonomopoulos at the lower tip-credited rated (which they still failed to do) by designating him as a waiter instead of a non-tipped employee.

17.     Plaintiff Shaholli was employed as a chef performing duties including but not limited to prep work, dishwasher, but also would answer the phone and make deliveries.

18.     Plaintiff Shaholli regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that he worked.

19.     Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff Shaholli adequately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

20.     Further, Defendants failed to pay Plaintiff Shaholli the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

21.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

22.     Plaintiffs now bring this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §142-2.2, 2.4, and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

23.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

24.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a)

25. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiff Bonikos*

26. Plaintiff Bonikos is an adult individual residing in Queens County, New York.

27. Plaintiff Bonikos was employed by Defendants from approximately August 2011 until on or about July 2012.

28. Plaintiff Bonikos was employed again by Defendants from approximately October 2014 until on or about May 2016.

29. Pursuant to 29 U.S.C. § 216(b), Plaintiff Bonikos consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).


### *Plaintiff Oikonomopoulos*

30. Plaintiff Oikonomopoulos is an adult individual residing in Queens County, New York.

31. Plaintiff Oikonomopoulos was employed by Defendants from approximately November 14, 2014 until on or about October 30, 2016.

32. Pursuant to 29 U.S.C. § 216(b), Plaintiff Oikonomopoulos consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Shaholli*

33.     Plaintiff Shaholli is an adult individual residing in Queens County, New York.

34.     Plaintiff Shaholli was employed by Defendants from approximately July 2014 on or about July 2015.

35.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Bonikos consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

36.     At all times relevant to this Complaint, Defendants own, operate, and/or controll a Greek restaurant located at 26-19 23rd Avenue, Queens, NY 11105 under the name "E Taverna."

37.     Upon Information and belief, E Taverna ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York.  Upon information and belief, it maintains its principal place of business at 26-19 23rd Avenue, Queens, NY 11105.

38.     Defendant Panos Seretis is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

39.     Defendant Panos Seretis is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

40.     Defendant Panos Seretis possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

41.     Defendant Panos Seretis determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
### *Defendant Constitutes An Employer*

42.     Individual Defendant operates a Greek restaurant located at 26-19 23rd Avenue, Queens, NY 11105.

43.     Individual Defendant possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and control significant function of Defendant Corporation.

44.     Individual Defendant possessed substantial control over Plaintiffs (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

45.     Individual Defendant employed Plaintiff Bonikos, and all similarly situated individuals, and is Plaintiff Bonikos' employer within the meaning of 29 U.S.C. §§ 201 *et seq.* and the NYLL.

46.     Individual Defendant employed Plaintiff Oikonomopoulos, and all similarly situated individuals, and is Plaintiff Oikonomopoulos' employer within the meaning of 29 U.S.C. §§ 201 *et seq.* and the NYLL.

47.     Individual Defendant employed Plaintiff Shaholli, and all similarly situated individuals, and is Plaintiff Shaholli's employer within the meaning of 29 U.S.C. §§ 201 *et seq.* and the NYLL.

48.     Upon information and belief, Individual Defendant operates Defendant Corporation as either an alter ego of himself and/or fail to operate Defendant Corporation as a legal entity separate and apart from himself by, among other things:

a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

b.  defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

c.  transferring assets and debts freely as between all Defendants;

d.  operating Defendant Corporation for their own benefit as the sole or majority shareholders;

e.  operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

f.  intermingling assets and debts of their own with Defendant Corporation;

g.  diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

h.  other actions evincing a failure to adhere to the corporate form.

49.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

50.     Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

51.     In each year from 2011 to 2017, Defendants had gross annual volume of sales of not less than $500,000.

52.     In addition, upon information and belief, Defendant and/or their enterprises were directly engaged in interstate commerce.  For example, numerous transactions were made by

credit card and numerous items that were sold in E Taverna were produced outside of the State of New York.

*Plaintiffs*

53.     Plaintiffs are former employees of Defendants.

54.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Bonikos*

55.     Plaintiff Bonikos was employed by Defendants from approximately August 2011 until on or about July 2012.

56.     Plaintiff Bonikos was employed again by Defendants from approximately October 2014 until on or about May 2016.

57.     At all relevant times, Plaintiff Bonikos was employed by Defendants as a chef.

58.     Plaintiff Bonikos regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

59.     Plaintiff Bonikos' work duties required neither discretion nor independent judgment.

60.     From approximately August 2011 until on or about July 2012, Plaintiff Bonikos worked from approximately 9:30am until on or about 11:30pm six days a week (Tuesdays through Sundays) (typically 84 hours a week).

61.     From approximately October 2014 until on or about May 2016, Plaintiff Bonikos worked from approximately 10:00am until on or about 11:30pm six days a week (Wednesdays through Mondays) (typically 72 hours a week).

62.     Throughout his entire employment with Defendants, Plaintiff Bonikos was paid his wages in a mixture of cash and check.

63.     From approximately August 2011 until on or about July 2012, Plaintiff Bonikos was paid a fixed salary of $800 a week.

64.     From approximately October 2014 until on or about May 2016, Plaintiff Bonikos was paid a fixed salary of $800 a week.

65.     Defendants never granted Plaintiff Bonikos any meal breaks or any other kind of rest period of any length.

66.     Plaintiff Bonikos' wages did not vary regardless of how many additional hours he worked in a week.

67.     In fact, Defendants required Plaintiff Bonikos to work several hours before his scheduled arrival time and stay 30 minutes after his scheduled departure time regularly, without paying him any additional compensation.

68.     Defendants did not provide Plaintiff Bonikos with an accurate statement of wages with each payment of wages, as required by NYLL §195(3).

69.     Plaintiff Bonikos was not required to keep track of his time, nor to his knowledge did the Defendant utilize any tracking device, such as punch cards or sign in sheets, that accurately reflected his actual hours worked.

70.     Defendants never provided Plaintiff Bonikos with a written notice, in English and in Greek (Plaintiff Bonikos' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

71.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Bonikos regarding overtime and wages under the FLSA and NYLL.

*Plaintiff Oikonomopoulos*

72.     Plaintiff Oikonomopoulos was employed by Defendants from approximately November 2014 until on or about October 30, 2016.

73.     At all relevant times, Plaintiff Oikonomopoulos was employed by Defendants as a waiter.

74.     However, Plaintiff Oikonomopoulos spent more than 20% of each work day performing the non-waiter, non-tip duties outlined above.

75.     Plaintiff Oikonomopoulos regularly handled goods in interstate commerce.

76.     Plaintiff Oikonomopoulos' work duties required neither discretion nor independent judgment.

77.     From approximately November 2014 until on or about May 2016, Plaintiff Oikonomopoulos worked from approximately 11:30am until on or about 11:30pm 6 days a week (Wednesdays through Mondays) (typically 72 hours a week).

78.     From approximately May 2016 until on or about October 30, 2016, Plaintiff Oikonomopoulos worked from approximately 12:00pm until on or about 12:00am 6 days a week (Wednesdays through Mondays) (typically 72 hours a week).

79.     Throughout his employment with Defendants, Plaintiff Oikonomopoulos was paid his wages in a mixture of cash and check.

80.     From approximately November 2014 until on or about December 31, 2015, Plaintiff Oikonomopoulos was paid a fixed salary of $275 a week.

81.     Plaintiff Oikonomopoulos' fixed weekly salary was paid $100 by check and $175 in cash.

82.     From approximately January 1, 2016 until on or about October 30, 2016, Plaintiff Oikonomopoulos was paid a fixed salary of $377.50 a week.

83.     Plaintiff Oikonomopoulos fixed weekly salary was paid $202.50 by check and $175 in cash.

84.     Defendants never granted Plaintiff Bonikos any meal breaks or any other kind of rest period of any length.

85.     Plaintiff Oikonomopoulos wages did not vary regardless of how many additional hours he worked in a week.

86.     In fact, Defendants required Plaintiff Oikonomopoulos to work several hours before his scheduled arrival time and 30 minutes after his scheduled departure time regularly, without paying him any additional compensation.

87.     Plaintiff Oikonomopoulos was never notified by Defendants that his tips would be included as an offset for wages.

88.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Oikonomopoulos' wages

89.     Defendants did not provide Plaintiff Oikonomopoulos with an accurate statement of wages with each payment of wages, as required by NYLL §195(3).

90.     Plaintiff Oikonomopoulos was not required to keep track of his time, nor to his knowledge did the Defendant utilize any tracking device, such as punch cards or sign in sheets, that accurately reflected his actual hours worked.

91.     Defendants never provided Plaintiff Oikonomopoulos with a written notice, in English and in Greek (Plaintiff Oikonomopoulos' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

92.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Oikonomopoulos regarding overtime and wages under the FLSA and NYLL.

*Plaintiff Shaholli*

93.     Plaintiff Shaholli was employed by Defendants from approximately July 2014 until on or about July 2015.

94.     At all relevant times, Plaintiff Shaholli was employed by Defendants as a chef.

95.     Plaintiff Shaholli regularly handled goods in interstate commerce.

96.     Plaintiff Shaholli's work duties required neither discretion nor independent judgment.

97.     From approximately July 2014 until on or about July 2015, Plaintiff Shaholli worked from approximately 10:00am until on or about 11:30pm 6 to 7 days a week (typically 81 hours a week).

98.     Throughout his employment with Defendants, Plaintiff Shaholli was paid his wages in a mixture of cash and check.

99.     From July 2014 until on or about July 2015, Plaintiff Shaholli was paid a fixed salary of $400 a week before taxes by check along with cash for hours worked up to 40 hours a week at a rate of $16.50/hr.

100.     Defendants never granted Plaintiff Bonikos any meal breaks or any other kind of rest period of any length.

101.     Plaintiff Shaholli wages did not vary regardless of how many overtime hours he worked in a week.

102.    In fact, Defendants required Plaintiff Shaholli to work a couple hours before his scheduled arrival time and stay 30 minutes after his scheduled departure time regularly, without paying him any additional compensation.

103.    Defendants did not provide Plaintiff Shaholli with an accurate statement of wages with each payment of wages, as required by NYLL §195(3).

104.    Plaintiff Shaholli was not required to keep track of his time, nor to his knowledge did the Defendant utilize any tracking device, such as punch cards or sign in sheets, that accurately reflected his actual hours worked.

105.    Defendants never provided Plaintiff Shaholli with a written notice, in English and in Greek (Plaintiff Shaholli primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

106.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Shaholli regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

107.    Defendants regularly required their employees, including Plaintiffs, to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime, or spread of hours compensation.

108.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

109.    All Plaintiffs were victims of Defendants' common policy and practices which violated their rights under the FLSA and NYLL by, *inter alia*, not paying them the wages they were owed for the hours they worked.

110.    At no time did Defendants inform their employees, including Plaintiff Oikonomopoulos, that they had reduced their hourly wages by a tip allowance.

111.    Defendants habitually required their employees, including Plaintiffs, to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

112.    Furthermore, as part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

113.    Defendants required all waiters, including Plaintiff Oikonomopoulos, to perform general non-waiter, non-tipped Greek restaurant tasks in addition to their primary duties as waiters.

114.    Plaintiff Oikonomopoulos, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-waiter, non-tipped duties.

115.    Plaintiff Oikonomopoulos and all other waiters were not even paid at the required lower tip-credit rate by Defendants. However, under state law, Defendants were not entitled to a tip-credit because the waiters and Plaintiff Oikonomopoulos's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

116.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which

tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip-credit for any employee time if that time is devoted to a non-tipped occupation.

117.    The waiters, including Plaintiff Oikonomopolous's, duties were not incidental to their occupation as waiters, but instead constituted entirely unrelated general Greek restaurant work with duties, including the non-tipped duties described above.

118.    In violation of federal and state law as codified above, Defendants classified Plaintiff Oikonomopoulos and other waiters as tipped employees but did not even pay them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

119.    Defendants' pay practices resulted in Defendants' waiters, including Plaintiff Oikonomopoulos, not receiving payment for all their hours worked, resulting in their effective rate of pay falling below the required minimum and overtime wage rate.

120.    Plaintiff Oikonomopolous was paid wages in cash.

121.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

122.    Upon information and belief, these practices were done to disguise the actual number of hours Plaintiffs, and similarly situated employees, worked and to avoid paying them properly for their (1) full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

123.    Defendants failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiffs, with statutorily required wage and hour

records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiffs, relative lack of sophistication in wage and hour laws.

124.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

125.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

126.    Plaintiffs bring their FLSA overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly

situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

127.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are/and/or have been similarly situated, had substantially similar job requirements and pay provision, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one an done-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

128.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

129.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

130.    At all times relevant to this action, Defendants were Plaintiffs employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

131.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

132.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

133.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

134.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

135.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

136.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

137.    At all times relevant to this action, Defendants were Plaintiffs employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

138.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

139.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

140.    Defendants, in violations of 29 U.S.C. § 207(a)(1) of the FLSA, failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

141.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

142.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE RATE)

143.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

144.    At all times relevant to this action, Defendants were Plaintiffs employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), controlled the terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

145.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA Class members) less than the minimum wage.

146.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

147.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK
### LABOR LAW)

148.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

149.    Defendants, in violation of N.Y. Lab. Law §§ 190 *et seq.* and the supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime

compensation at rates of one and on-half times the regular rate of pay for each hour worked in

excess of forty hours in a workweek.

150.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the

meaning of N.Y. Lab. Law 663.

151.    Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW
YORK COMMISSIONER OF LABOR)**

152.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth

herein.

153.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic

minimum wage rate before allowances for each day Plaintiffs spread of hours exceeded ten hours

in violation of NYLL §§ 190 et seq. and 650 et seq. and the wage order of the New York

Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6(a)

(2009).

154.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day

Plaintiff's spread of hours exceeded ten hours was willful within the meaning of N.Y. Lab. Law

§ 663.

155.    Plaintiffs were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS
OF THE NEW YORK LABOR LAW)**

156.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth

herein.

21

157.    Defendants failed to provide Plaintiffs with a written notice, in English and in Greek (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

158.    Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

159.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

160.    Defendants did not provide Plaintiffs with a statement of wages with each payment of wages, as required by NYLL §195(3).

161.    Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

### PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

f) Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

g) Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

h) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

i) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the members of the FLSA Class;

j) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

k) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs and the FLSA Class members;

l) Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages as well as damages for any improper deductions or credits taken against wages;

m) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

n) Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

o) Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

p) Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

r) All such other and further relief as the Court deems just and proper.

Dated: April 4, 2017
New York, NY

SIROTKIN VARACALLI & HAMRA, LLP


By: Douglas Varacalli (DV3756)
*Attorneys for Plaintiffs*
YANNIS BONIKOS, DIMITIRIOS
OIKONOMOPOULOS, and RIGEL SHAHOLLI
110 E 59th Street, Suite 3200
New York, New York 10022
Tel.: (646) 590-0571
Fax.: (646) 619-4012
E-mail: DVaracalli@svhllp.com