Ariadne Panagopoulou (AP-2202)
**Pardalis & Nohavicka, LLP**
35-10 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YANNIS BONIKOS, DIMITRIOS OIKONOMOPOULOS, and RIGEL SHAHOLLI, *individually and on behalf of others similarly situated,*<br><br>　　　　　　　*Plaintiffs*,<br><br>　　　　-v-<br><br>FOODONI NY 23 CORP. (d/b/a E Taverna), and PANOS SERETIS,<br><br>　　　　　　　*Defendants.* | Civ. Case No.:1:17-CV-02162-AMD-RLM<br><br>**ANSWER & AFFIRMATIVE<br>DEFENSES TO COMPLAINT** |

　　　Defendants, FOODONI NY 23 CORP. d/b/a/ E TAVERNA, and PANOS SERETIS (collectively hereinafter "Defendants"), by and through their attorneys, PARDALIS & NOHAVICKA, LLP, hereby serve their Answer in this action to the Complaint filed by Yannis Bonikos, Dimitrios Oikonomopoulos and Rigel Shaholli, individually and on behalf of others similarly situated (collectively hereinafter "Plaintiffs"), and state as follows:

**NATURE OF ACTION**

　　　1.　　Paragraph "1" of the Complaint contains allegations to which a response is not required.

　　　2.　　Defendants deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiffs were employed by Corporate Defendant Foodoni NY 23 Corp.

d/b/a E Taverna.

3. Defendants deny the allegations set forth in paragraph "3" of the Complaint, except admit that Corporate Defendant is located in Queens, at the address set forth.

4. Defendants deny the allegations set forth in paragraph "4" of the Complaint, except admit that Panos Seretis was a part owner of Defendant Corporation.

5. Defendants deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff Yannis Bonikos was employed by Corporate Defendant as a line cook, who was responsible for preparing ingredients and cooking.

6. Defendants deny the allegations set forth in paragraph "6" of the Complaint.

7. Defendants deny the allegations set forth in paragraph "7" of the Complaint.

8. Defendants deny the allegations set forth in paragraph "8" of the Complaint.

9. Defendants deny the allegations set forth in paragraph "9" of the Complaint, except admit that Plaintiff Dimitrios Oikonomopoulos was employed by Corporate Defendant as a waiter.

10. Defendants deny the allegations set forth in paragraph "10" of the Complaint.

11. Defendants deny the allegations set forth in paragraph "11" of the Complaint.

12. Defendants deny the allegations set forth in paragraph "12" of the Complaint.

13. Defendants deny the allegations set forth in paragraph "13" of the Complaint.

14. Defendants deny the allegations set forth in paragraph "14" of the Complaint.

15. Defendants deny the allegations set forth in paragraph "15" of the Complaint.

16. Defendants deny the allegations set forth in paragraph "16" of the Complaint.

17. Defendants deny the allegations set forth in paragraph "17" of the Complaint, except admit that Plaintiff Rigel Shaholli was employed by Corporate Defendant as a line

cook, who was responsible for preparation work related solely to cooking.

18. Defendants deny the allegations set forth in paragraph "18" of the Complaint.

19. Defendants deny the allegations set forth in paragraph "19" of the Complaint.

20. Defendants deny the allegations set forth in paragraph "20" of the Complaint.

21. Defendants deny the allegations set forth in paragraph "21" of the Complaint.

22. Paragraph "22" of the Complaint contains allegations to which a response is not required. To the extent a response is required, Defendants deny the allegations.

23. Paragraph "23" of the Complaint contains allegations to which a response is not required. To the extent a response is required, Defendants deny the allegations.

## JURISDICTION AND VENUE

24. Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "24" of the Complaint and respectfully refer all questions of law to the Court.

25. Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "25" of the Complaint and respectfully refer all questions of law to the Court.

## PARTIES

*Plaintiff Bonikos*

26. Defendants deny having knowledge or information sufficient to form a belief as to the residence of Plaintiff Yannis Bonikos.

27. Defendants deny the allegations set forth in paragraph "27" of the Complaint, except admit that Plaintiff Bonikos was employed by Corporate Defendant for a short period in 2011.

28. Defendants deny the allegations set forth in paragraph "28" of the Complaint, except admit that Plaintiff Yannis Bonikos was employed again by Corporate Defendant for a short period in 2014.

29. Paragraph "29" of the Complaint contains allegations to which a response is not required. To the extent a response is required, Defendants deny the allegations.

*Plaintiff Oikonomopoulos*

30. Defendants deny having knowledge or information sufficient to form a belief as to the residence of Plaintiff Dimitrios Oikonomopoulos.

31. Defendants deny the allegations set forth in paragraph "31" of the Complaint, except admit that the separation date of Plaintiff Dimitrios Oikonomopoulos of his employment with the Corporate Defendant was on or around October 2016.

32. Paragraph "32" of the Complaint contains allegations to which a response is not required. To the extent a response is required, Defendants deny the allegations.

*Plaintiff Shaholli*

33. Defendants deny having knowledge or information sufficient to form a belief as to the residence of Plaintiff Rigel Shaholli.

34. Defendants deny the allegations set forth in paragraph "34" of the Complaint, except admit that Plaintiff Rigel Shaholli was employed by Corporate Defendant for a brief time period in 2015.

35. Paragraph "35" of the Complaint contains allegations to which a response is not required. To the extent a response is required, Defendants deny the allegations.

*Defendants*

36. Defendants deny the allegations set forth in paragraph "36" of the Complaint,

except admit that Corporate Defendant owns and operates a Greek restaurant under the name "E taverna" at the location set forth.

37. Defendants admit the allegations set forth in paragraph "37" of the Complaint.

38. Defendants admit the allegations set forth in paragraph "38" of the Complaint.

39. Defendants deny the allegations set forth in paragraph "39" of the Complaint, except admit that Individual Defendant is a part owner of Corporate Defendant.

40. Defendants deny the allegations set forth in paragraph "40" of the Complaint, except admit that Individual Defendant possesses an ownership interest in Corporate Defendant.

41. Defendants deny the allegations set forth in paragraph "41" of the Complaint.

## FACTUAL ALLEGATIONS
### *Defendant Constitutes An Employer*

42. Defendants deny the allegations set forth in paragraph "42" of the Complaint.

43. Defendants deny the allegations set forth in paragraph "43" of the Complaint, except admit that Individual Defendant possesses an ownership interest in Corporate Defendant.

44. Defendants deny the allegations set forth in paragraph "44" of the Complaint.

45. Defendants deny the allegations set forth in paragraph "45" of the Complaint.

46. Defendants deny the allegations set forth in paragraph "46" of the Complaint.

47. Defendants deny the allegations set forth in paragraph "47" of the Complaint.

48. Defendants deny the allegations set forth in paragraph "48" of the Complaint.

49. Defendants deny the allegations set forth in paragraph "49" of the Complaint, except admit that Corporate Defendant was Plaintiffs' employer.

50. Defendants deny the allegations set forth in paragraph "50" of the Complaint.

51. Defendants deny the allegations set forth in paragraph "51" of the Complaint.

52. Defendants deny the allegations set forth in paragraph "52" of the Complaint, except admit that Corporate Defendant engaged in numerous credit card transcations.

*Plaintiffs*

53. Defendants deny the allegations set forth in paragraph "53" of the Complaint, except admit that Plaintiffs were former employees of Corporate Defendant.

54. Paragraph "54" of the Complaint contains allegations to which a response is not required. To the extent a response is required, Defendants deny the allegations.

*Plaintiff Bonikos*

55. Defendants deny the allegations set forth in paragraph "55" of the Complaint, except admit that Plaintiff Bonikos was employed by Corporate Defendant for a short period in 2011.

56. Defendants deny the allegations set forth in paragraph "56" of the Complaint, except admit that Plaintiff Yannis Bonikos was employed again by Corporate Defendant for a short period in 2014.

57. Defendants deny the allegations set forth in paragraph "57" of the Complaint, except admit that Plaintiff Bonikos was employed by Corporate Defendant as a line cook.

58. Defendants admit the allegations set forth in paragraph "58" of the Complaint.

59. Defendants admit the allegations set forth in paragraph "59" of the Complaint.

60. Defendants deny the allegations set forth in paragraph "60" of the Complaint.

61. Defendants deny the allegations set forth in paragraph "61" of the Complaint.

62. Defendants admit the allegations set forth in paragraph "62" of the Complaint, as far as the allegations refer to Corporate Defendant. Defendants deny the allegations as far as

they refer to Individual Defendant.

63. Defendants deny the allegations set forth in paragraph "63" of the Complaint.

64. Defendants deny the allegations set forth in paragraph "64" of the Complaint.

65. Defendants deny the allegations set forth in paragraph "65" of the Complaint.

66. Defendants deny the allegations set forth in paragraph "66" of the Complaint.

67. Defendants deny the allegations set forth in paragraph "67" of the Complaint.

68. Defendants deny the allegations set forth in paragraph "68" of the Complaint.

69. Defendants deny the allegations set forth in paragraph "69" of the Complaint.

70. Defendants deny the allegations set forth in paragraph "70" of the Complaint.

71. Defendants deny the allegations set forth in paragraph "71" of the Complaint.

*Plaintiff Oikonomopoulos*

72. Defendants deny the allegations set forth in paragraph "72" of the Complaint, except admit that the separation date of Plaintiff Dimitrios Oikonomopoulos of his employment with the Corporate Defendant was on or around October 2016.

73. Defendants deny the allegations set forth in paragraph "73" of the Complaint, except admit that Plaintiff Dimitrios Oikonomopoulos was employed by Corporate Defendant as a waiter.

74. Defendants deny the allegations set forth in paragraph "74" of the Complaint.

75. Defendants admit the allegations set forth in paragraph "75" of the Complaint.

76. Defendants admit the allegations set forth in paragraph "76" of the Complaint.

77. Defendants deny the allegations set forth in paragraph "77" of the Complaint.

78. Defendants deny the allegations set forth in paragraph "78" of the Complaint.

79. Defendants admit the allegations set forth in paragraph "79" of the Complaint,

as far as the allegations refer to Corporate Defendant. Defendants deny the allegations as far as they refer to Individual Defendant.

80. Defendants deny the allegations set forth in paragraph "80" of the Complaint.

81. Defendants deny the allegations set forth in paragraph "81" of the Complaint.

82. Defendants deny the allegations set forth in paragraph "82" of the Complaint.

83. Defendants deny the allegations set forth in paragraph "83" of the Complaint.

84. Defendants deny the allegations set forth in paragraph "84" of the Complaint.

85. Defendants deny the allegations set forth in paragraph "85" of the Complaint.

86. Defendants deny the allegations set forth in paragraph "86" of the Complaint.

87. Defendants deny the allegations set forth in paragraph "87" of the Complaint.

88. Defendants deny the allegations set forth in paragraph "88" of the Complaint.

89. Defendants deny the allegations set forth in paragraph "89" of the Complaint.

90. Defendants deny the allegations set forth in paragraph "90" of the Complaint.

91. Defendants deny the allegations set forth in paragraph "91" of the Complaint.

92. Defendants deny the allegations set forth in paragraph "92" of the Complaint.

*Plaintiff Shaholli*

93. Defendants deny the allegations set forth in paragraph "93" of the Complaint, except admit that Plaintiff Rigel Shaholli was employed by Corporate Defendant for a brief time period in 2015.

94. Defendants deny the allegations set forth in paragraph "94" of the Complaint, except admit that Plaintiff Shaholli was employed by Corporate Defendant as a line cook.

95. Defendants admit the allegations set forth in paragraph "95" of the Complaint.

96. Defendants admit the allegations set forth in paragraph "96" of the Complaint.

97. Defendants deny the allegations set forth in paragraph "97" of the Complaint.

98. Defendants admit the allegations set forth in paragraph "98" of the Complaint, as far as the allegations refer to Corporate Defendant. Defendants deny the allegations as far as they refer to Individual Defendant.

99. Defendants deny the allegations set forth in paragraph "99" of the Complaint.

100. Defendants deny the allegations set forth in paragraph "100" of the Complaint.

101. Defendants deny the allegations set forth in paragraph "101" of the Complaint.

102. Defendants deny the allegations set forth in paragraph "102" of the Complaint.

103. Defendants deny the allegations set forth in paragraph "103" of the Complaint.

104. Defendants deny the allegations set forth in paragraph "104" of the Complaint.

105. Defendants deny the allegations set forth in paragraph "105" of the Complaint.

106. Defendants deny the allegations set forth in paragraph "106" of the Complaint.

*Defendants' General Employment Practices*

107. Defendants deny the allegations set forth in paragraph "107" of the Complaint.

108. Defendants deny the allegations set forth in paragraph "108" of the Complaint.

109. Defendants deny the allegations set forth in paragraph "109" of the Complaint.

110. Defendants deny the allegations set forth in paragraph "110" of the Complaint.

111. Defendants deny the allegations set forth in paragraph "111" of the Complaint.

112. Defendants deny the allegations set forth in paragraph "112" of the Complaint.

113. Defendants deny the allegations set forth in paragraph "113" of the Complaint.

114. Defendants deny the allegations set forth in paragraph "114" of the Complaint.

115. Defendants deny the allegations set forth in paragraph "115" of the Complaint.

116. Defendants deny having knowledge or information sufficient to form a belief as

to the accuracy of the allegations set forth in paragraph "116" of the Complaint and respectfully refer all questions of law to the Court.

117. Defendants deny the allegations set forth in paragraph "117" of the Complaint.

118. Defendants deny the allegations set forth in paragraph "118" of the Complaint.

119. Defendants deny the allegations set forth in paragraph "119" of the Complaint.

120. Defendants deny the allegations set forth in paragraph "120" of the Complaint.

121. Defendants deny the allegations set forth in paragraph "121" of the Complaint.

122. Defendants deny the allegations set forth in paragraph "122" of the Complaint.

123. Defendants deny the allegations set forth in paragraph "123" of the Complaint.

124. Defendants deny the allegations set forth in paragraph "124" of the Complaint.

125. Defendants deny the allegations set forth in paragraph "125" of the Complaint.

## FLSA COLLECTIVE ACTION CLAIMS

126. Paragraph "126" of the Complaint contains allegations to which a response is not required because they call for legal conclusions. To the extent a response is required, Defendants deny the allegations set forth in paragraph "126" of the Complaint.

127. Defendants deny the allegations set forth in paragraph "127" of the Complaint.

128. Defendants deny the allegations set forth in paragraph "128" of the Complaint.

## FIRST CAUSE OF ACTION
**(Violation of the Minimum Wage Provisions of the FLSA)**

129. Defendants repeat and re-allege the answers set forth in paragraphs 1-128 as if fully set forth herein.

130. Defendants deny the allegations set forth in paragraph "130" of the Complaint, except admit that Corporate Defendant was the employer of Plaintiffs.

131. Defendants deny the allegations set forth in paragraph "131" of the Complaint,

except admit that Corporate Defendant engaged in activities affecting commerce.

132. Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "132" of the Complaint and respectfully refer all questions of law to the Court.

133. Defendants deny the allegations set forth in paragraph "133" of the Complaint.

134. Defendants deny the allegations set forth in paragraph "134" of the Complaint.

135. Defendants deny the allegations set forth in paragraph "135" of the Complaint.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

136. Defendants repeat and re-allege the answers set forth in paragraphs 1-135 as if fully set forth herein.

137. Defendants deny the allegations set forth in paragraph "137" of the Complaint, except admit that Corporate Defendant was the employer of Plaintiffs.

138. Defendants deny the allegations set forth in paragraph "138" of the Complaint, except admit that Corporate Defendant engaged in activities affecting commerce.

139. Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph "139" of the Complaint and respectfully refer all questions of law to the Court.

140. Defendants deny the allegations set forth in paragraph "140" of the Complaint.

141. Defendants deny the allegations set forth in paragraph "141" of the Complaint.

142. Defendants deny the allegations set forth in paragraph "142" of the Complaint.

## THIRD CAUSE OF ACTION
### (Violation of the New York Minimum Wage Rate)

143. Defendants repeat and re-allege the answers set forth in paragraphs 1-142 as if

fully set forth herein.

144. Defendants deny the allegations set forth in paragraph "144" of the Complaint, except admit that Corporate Defendant was the employer of Plaintiffs.

145. Defendants deny the allegations set forth in paragraph "145" of the Complaint.

146. Defendants deny the allegations set forth in paragraph "146" of the Complaint.

147. Defendants deny the allegations set forth in paragraph "147" of the Complaint.

## FOURTH CAUSE OF ACTION
**(Violation of the Overtime Provisions of the New York Labor Law)**

148. Defendants repeat and re-allege the answers set forth in paragraphs 1-147 as if fully set forth herein.

149. Defendants deny the allegations set forth in paragraph "149" of the Complaint.

150. Defendants deny the allegations set forth in paragraph "150" of the Complaint.

151. Defendants deny the allegations set forth in paragraph "151" of the Complaint.

## FIFTH CAUSE OF ACTION
**(Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)**

152. Defendants repeat and re-allege the answers set forth in paragraphs 1-151 as if fully set forth herein.

153. Defendants deny the allegations set forth in paragraph "153" of the Complaint.

154. Defendants deny the allegations set forth in paragraph "154" of the Complaint.

155. Defendants deny the allegations set forth in paragraph "155" of the Complaint.

## SIXTH CAUSE OF ACTION
**(Violation of the Notice and Recordkeeping Requirements of the NYLL)**

156. Defendants repeat and re-allege the answers set forth in paragraphs 1-155 as if fully set forth herein.

157. Defendants deny the allegations set forth in paragraph "157" of the Complaint.

158. Defendants deny the allegations set forth in paragraph "158" of the Complaint.

## SEVENTH CAUSE OF ACTION

### (Violation of the Wage Statement Provisions of the NYLL)

159. Defendants repeat and re-allege the answers set forth in paragraphs 1-158 as if fully set forth herein.

160. Defendants deny the allegations set forth in paragraph "160" of the Complaint.

161. Defendants deny the allegations set forth in paragraph "161" of the Complaint.

## JURY TRIAL DEMANDED

162. Defendants hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

163. Defendants are not required to respond to the "Wherefore" Clause of the Complaint because it is merely a prayer for relief based upon the preceding allegations contained in the Complaint. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief they seek.

## AFFIRMATIVE DEFENSES

164. Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on the Defendants, Defendants assert the following defenses:

### First Affirmative Defense

165. The Complaint, and each claim purported to be alleged therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

166. Plaintiffs lack standing to sue.

13

### Third Affirmative Defense

167. This Court lacks subject matter jurisdiction over some or all of the claims asserted by Plaintiffs.

### Fourth Affirmative Defense

168. Plaintiffs' claims are barred by the applicable statute of limitations pursuant to 29 U.S.C. §§ 255-256 and/or New York Labor Law.

### Fifth Affirmative Defense

169. Plaintiffs were never "employees" of Individual Defendant, pursuant to the FLSA or New York Labor Law during the periods alleged in the Complaint, in whole or in part.

### Sixth Affirmative Defense

170. Corporate Defendant was never an eligible employer pursuant to the FLSA because, at all times, it made gross annual volume of sales of less than $500,000.

### Seventh Affirmative Defense

171. Foodoni NY 23 Corp. (d/b/a E Taverna) and Panos Seretis were never joint employers of Plaintiffs pursuant to FLSA or New York Labor Law.

### Eighth Affirmative Defense

172. This action is barred pursuant to the statute of frauds.

### Ninth Affirmative Defense

173. Defendants at all times, and in all manners, acted in accordance with any and all duties and obligations they may have had under the FLSA and/or New York Labor Law.

### Tenth Affirmative Defense

174. Plaintiffs cannot establish that any alleged acts or omissions were willful under

the FLSA and/or NYLL.

**Eleventh Affirmative Defense**

175. Defendants at all times acted in good faith and with reasonable grounds for believing that they did not violate the FLSA and/or the NYLL.

**Twelfth Affirmative Defense**

176. In the event the court determines that Plaintiffs were employees of any Defendant under the FLSA and/or the NYLL, Defendants have no knowledge of, nor should they have knowledge of, any alleged uncompensated work by Plaintiffs since Defendants did not authorize, require, request, suffer or permit such activity by Plaintiffs as set forth in the Complaint.

**Thirteenth Affirmative Defense**

177. Defendants are entitled to any and all offsets and/or set offs permissible by law.

**Fourteenth Affirmative Defense**

178. Plaintiffs' claims are barred due to the *de minimis* rule.

**Fifteenth Affirmative Defense**

179. Plaintiffs' claims are barred in whole or in part because Plaintiffs consented to the pay system in the subject of the Complaint and failed to report any deficiencies in pay despite the opportunity to do so.

**Sixteenth Affirmative Defense**

180. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

**Seventeenth Affirmative Defense**

181. Plaintiffs' Complaint is barred in whole or in part pursuant to 29 U.S.C. §§ 258(a) and 259(a) because Defendants, in good faith, acted in conformity with and in reliance

upon written administrative regulations, interpretations, and opinion letters with regard to some or all of the acts or omissions alleged in the Complaint.

### Eighteenth Affirmative Defense

182. Plaintiffs have not been, nor are likely to be, injured by the conduct of the Defendants as complained of in the Complaint.

### Nineteenth Affirmative Defense

183. To the extent Plaintiffs signed a release and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

### Twentieth Affirmative Defense

184. Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, laches, estoppel, waiver, release, and/or other equitable defenses.

### Twenty-First Affirmative Defense

185. Plaintiffs cannot establish or satisfy the requirements necessary to proceed collectively under 29 U.S.C. § 216(b) because, inter alia, Plaintiffs are not similarly situated to the putative collective.

### Twenty-Second Affirmative Defense

186. All affirmative defenses set forth in the New York Wage Theft Prevention Act including but not limited to Defendants having made complete and timely payment of all wages due apply.

### Twenty-Third Affirmative Defense

187. Plaintiff is barred from recovering attorney's fees due to his failure to mitigate his damages by initiating this lawsuit without prior notice.

## Twenty-Fourth Affirmative Defense

188. Plaintiffs' claims are barred in whole or in part to the extent that some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254 and/or New York law.

## Twenty-Fifth Affirmative Defense

189. The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York Labor Law or other state laws.

## Twenty-Sixth Affirmative Defense

190. Because Plaintiffs' Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

**WHEREFORE**, Defendants pray that:

(a) Plaintiffs' Complaint be dismissed with prejudice;

(b) Each and every demand, claim and prayer for relief contained in Plaintiffs' Complaint be denied; and,

(c) Such other and further relief as the Court deems just and proper.

Dated: Astoria, New York
July 3, 2017

Respectfully submitted,
**PARDALIS & NOHAVICKA, LLP**


By: ____/s/Ariadne Panagopoulou_____
Ariadne Panagopoulou (AP-2202)
*Attorneys for Defendants*
35-10 Broadway, Suite 201
Astoria, New York 11106
T: 718-777-0400 | F: 718-777-0599
E: ari@pnlawyers.com

Ariadne Panagopoulou (AP-2202)
**Pardalis & Nohavicka, LLP**
35-10 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YANNIS BONIKOS, DIMITRIOS OIKONOMOPOULOS, and RIGEL SHAHOLLI, *individually and on behalf of others similarly situated,*<br><br>*Plaintiffs*,<br><br>-v-<br><br>FOODONI NY 23 CORP. (d/b/a E Taverna), and PANOS SERETIS,<br><br>*Defendants.* | Civ. Case No.:1:17-CV-02162-AMD-RLM<br><br>**CERTIFICATE OF SERVICE** |

I HEREBY CERTIFY that on July 3, 2017, the foregoing **ANSWER & AFFIRMATIVE DEFENSES TO COMPLAINT** was served by mail in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York upon the following participant:

Douglas Varacalli (DV3756)
**SIROTKIN VARACALLI & HAMBRA, LLP**
*Attorneys for Plaintiffs*
110E 59th Street, Suite 3200
New York, New York 10022
T: (646) 590-0571 | F: (646) 619-4012
DVaracalli@svhllp.com

Dated: Astoria, New York            **PARDALIS & NOHAVICKA, LLP**
       July 3, 2017

                                    By:  /s/Ariadne Panagopoulou
                                    Ariadne Panagopoulou (AP-2202)