June 22, 2018

Via CM/ECF

Hon. Chief Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Telephone: (718) 613-2350

    Re:    Motion to Reimpose the Automatic Stay Under 11 U.S.C. § 362 in *Bonikos et al v. Foodoni NY 23 Corp. et al.*, 17 Civ. 02162 (AMD-RLM)

Your Honor:

I am counsel for the defendants in the above-captioned case: Foodoni NY 23 Corp. ("Foodini") and Panos Seretis. I write pursuant to Part III.A of your Honor's Individual Rules and in response to the orders lifting the automatic stay imposed by 11 U.S.C. § 362 (Minute Entries dated June 21, 2018, in response to Dkt. #37 and the June 22, 2018 Order Granting Motion for Extension of Time to File, Dkt. #38). Foodini respectfully requests that the scope of the automatic stay be held to include the corporation wholly owned by Mr. Seretis.

As the Court is aware, Mr. Seretis filed a bankruptcy petition two days ago. At the outset, I wish to underscore that I was only recently hired, along with another lawyer, Brian Lehman, to conduct the trial. My notice of appearance is dated June 3, 2018. While it is true that after my notice of appearance was filed, I asked for a one-week extension, I did not know or have any reason to know that Mr. Seretis would be filing for bankruptcy at that time. Indeed, we have been diligently working on the joint pretrial order. I write this because of the Court noted as part of its Order "defense counsel presumably anticipated and should have disclosed to the Court and plaintiff's counsel in seeking an extension of time to file the Joint Pretrial Order."

Rather what occurred was that in the process of preparing for trial, defense counsel and plaintiffs' counsel engaged in several lengthy conversations about settling the case starting this last Monday. During these settlement conversations, plaintiffs' counsel repeatedly spoke of Mr. Seretis's financial health as a reason for a larger settlement than he was offering and even provided research that they had conducted about him to us. These discussions caused defense counsel to have substantive conversations with Mr. Seretis on his financial health at which time defense counsel realized that Mr. Seretis was a candidate for bankruptcy. All of these discussions happened less than 48 hours before Mr. Seretis filed for bankruptcy.

I write this explanation to assure the Court that I take its time, as well as opposing counsel's time, seriously and would not engage in untoward gamesmanship such as asking for an extension if I knew that the client was going to file for bankruptcy.

  Regarding the substance of the Court's order this afternoon, the automatic stay applies to both Mr. Seretis and his closely-held corporation. The leading case in this circuit on the scope of the automatic stay imposed by 11 U.S.C. § 362(a) is *Queenie, Ltd. v. Nygardlnt'l*, 321 F.3d 282, 288 (2d Cir. 2003). Prior to this lawsuit, Mr. Seretis was the only owner of equity in Foodoni (the corporation at issue).

  In *Queenie*, an individual declared bankruptcy and that individual wholly owned a corporation. The Second Circuit held that the automatic stay also protected the corporation "because it is wholly owned by Gardner, and adjudication of a claim against the corporation will have an immediate adverse economic impact on Gardner." *Id.* at 999 (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)); *see also In re Residential Capital, LLC*, No. 12-3342, 2013 WL 3491311 (2d Cir. July 15, 2013) (summary order) (relying on *Queenie* when it rejected the District Court's *per se* holding that the automatic stay never applies to non-debtors and remanded the matter back to the District Court to supplement the record).

Indeed, the Second Circuit's decision in *In re Residential Capital, LLC* demonstrates that the automatic stay is not limited to the narrow circumstance -- such as the one in this case -- where the non-debtor is a wholly owned subsidiary of the debtor. *See id.*; *see also Crysen/Montenay Energy Co. v. Esselen Associates, Inc.*, 902 F.2d 1098, 1101-04 (2d Cir. 1990) (stay prevented oil supplier from suing a buyer when broker's bankruptcy trustee had a pending adversary proceeding against the buyer for missing oil); *Matter of S.I. Acquisition Inc.*, 817 F.2d 1142, 1153 (5th Cir. 1987); *Lomas Financial Corp. v. Northern Trust Co. (In re Lomas Financial Corp.)*, 117 B.R. 64 (S.D.N.Y. 1990).

It is true that this court has the authority to determine the scope of the bankruptcy stay. S*ee In re Baldwin-United Corp. Litig.*, 765 F. 2d 343, 347 (2d Cir. 1985) ("The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay."). Nonetheless, "Whether it ought to exercise its authority to make such a determination, however, is a different question." *Id.*

There are good reasons to leave the question of the scope of the stay to the Bankruptcy Court: "Even if it should ultimately be determined that the automatic stay under section 362 does not apply to [a corporation's] third-party complaint, the Bankruptcy Court has authority under section 105 broader than the automatic stay provisions of section 362 and may use its equitable powers to assure the orderly conduct of the reorganization proceedings." *Id.* at 348 (citations omitted).

In sum, under the Second Circuit's decision in *Queenie* and its progeny, the automatic stay applies to both Mr. Seretis and the corporation that is wholly owned. An order lifting the stay and causing the corporation to go to trial will have an immediate adverse impact on the bankruptcy trust as lawyers will be required to be paid out of it. Such a result has an adverse effect on creditors seeking to recover money because they will receive less money. Moreover, defense counsel respectfully submits that the bankruptcy court, rather than this Court, should determine if the automatic stay should be lifted against the corporation as the trustee and the

bankruptcy court will be familiar with Mr. Seretis financial situation as is required under the Bankruptcy Code.

I appreciate the Court's time and attention to this motion and request that the automatic stay be imposed on the wholly owned corporation.

Sincerely,<br>
/s/ **T. Bryce Jones**<br>
T. Bryce Jones<br>
Lehman LG LLC<br>
244 5th Ave., B258<br>
New York, New York 10001

cc:  all counsel by CM/ECF