UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yannis Bonikos, et al<br><br>v<br><br>Foodoni NY 23 Corp. et al | Index No.: **1:17-cv-02162-AMD-RLM** |

**NOTICE OF BANKRUPTCY**
**OF SOLE SHAREHOLDER**

Defendant Foodoni NY 23 Corp. ("Foodoni"), by and through its undersigned attorney, T. Bryce Jones, hereby notifies the Court that Foodoni's only shareholder, Panos Seretis ("Seretis") has filed has filed a petition for relief under Title 11, United States Code, in the United States Bankruptcy Court for the Southern District of New York, which bears the case number 1:18-bk-11852. Seretis's bankruptcy action is founded on a claim from which a discharge would be a release or that seeks to impose a charge on the property of the estate.

WHEREFORE, Defendant Foodoni suggests that this pending action against Defendant Foodoni has also been stayed by the operation of 11 U.S.C. § 362 because allowing the action against Defendant Foodoni to proceed will have an immediate adverse economic consequences for the debtor's estate because any defense of Foodoni must be paid out of Defendant Seretis's estate. *See Queenie, Ltd. V. Nygard Int'l*, 321 F.3d 282, 288 (2d Cir. 2003) (holding that immediate adverse economic consequences include those "where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant[.]'") (quoting *A.H. Robins Co. v. Piccinin*, 788 F.3d 994, 999 (4th Cir. 1986)). Moreover, in the absence of the automatic stay of the action against Foodoni, the time and efforts of debtor Seretis will be used in defense when it would otherwise be devoted to a reorganization effort in bankruptcy court. *See id.*; *see also In re Residential Capital, LLC*, No. 12- 3342, 2013 WL 3491311 (2d Cir. July 15, 2013) (summary order) (relying on *Queenie* when it rejected the District Court's per se holding that the automatic stay never applies to non-debtors and remanded

the matter back to the District Court to supplement the record).

Finally, Defendant Foodoni respectfully suggests that the District Court should exercise its discretion and have any arguments about the effect of litigation on Defendant Seretis's bankruptcy directed to the bankruptcy court in the first instance as the bankruptcy court and appointed trustee will be more familiar with the financial condition of Defendant Seretis. *See In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 1985). Moreover, the Bankruptcy Court may elect to exercise its equitable powers under Section 105(a) of the Bankruptcy Code to enjoin the actions of Plaintiffs, who are creditors in that court, on the ground that their actions have an adverse economic consequence for the debtor's estate.

**WHEREFORE,** Defendant Foodoni NY 23 Corp. suggests that this action has been stayed by the operation of 11 U.S.C. § 362.

Dated: June 24, 2018
      New York, New York

By:   /s/ T. Bryce Jones, Esq.
T. Bryce Jones, Esq.
43 W. 43rd St., Ste. 180
New York, NY 10151
T: (646) 820-2083
bryce@sagacitylaw.com
*Counsel for Defendants*
*Panos Seretis and*
*Foodoni NY 23 Corp.*