# VARACALLI & HAMRA, LLP

VARACALLI & HAMRA, LLP
32 Broadway, Ste. 1818,
New York, NY 10004

Tel: 646-590-0571
Fax: 646-619-4012
Web: www.vhllp.com

6.25.18

**VIA ECF**
Chief Mag. Judge Roanne L. Mann
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

RE:     Bonikos et al v. Foodoni NY 23 Corp. et al, Case 1:17-cv-02162-AMD-RLM

Your Honor,

     I represent Plaintiffs in the above action. In response to Defendant's filing for a motion for reconsideration, and the updated Notice of Bankruptcy, Plaintiffs' want to make it clear that at this point we cannot consent to such a stay, as to Foodoni. We cannot agree because Defendant's admissions in the Answer contradicts the assertion that Mr. Seretis is the sole shareholder. Furthermore, the Plaintiffs' want to address the assertion made by Defendant's counsel, stating that they did not anticipate a Bankruptcy filing prior to Mr. Seretis's filing, as Plaintiffs strongly believes that Defendant's attorney misrepresented this point to the Court.

     In the Defendant's Motion for reconsideration and in Defendant's latest filing of a Notice of Bankruptcy, Defendant's Attorney states that Mr. Seretis is the sole owner of Foodoni. Meanwhile, In Defendants' Answer paragraph 39, Defendant states, "Defendants deny the allegation set forth in paragraph 39 of the Complaint, except admit that Individual Defendant is a ***part owner*** of Corporate Defendant. The statement made in Defendant's motion for reconsideration, and in the newly filed Notice of Bankruptcy, completely contradicts the admission made in the filed Answer. Only one of the two signed papers, which are both governed under rule 11, must be true. So Plaintiffs are conflicted as to which of the two signed and filed statements is true? It is alarming to the Plaintiffs' that the Defendant's position of who owns Foodoni, changes based on whether or not it would be beneficial to the Defendant. Due to the contradicting statements, both filed with this Court, we would request that the Court Orders Defendant to turn over documentation proving that Panos Seretis is the only owner. However, if Mr. Seretis, is truly the sole shareholder of Foodoni, then we would strongly consider staying the litigation as to Foodoni, until we had the opportunity to move in Bankruptcy Court to lift the Stay in regards to Panos Seretis.

     It is odd to me that Mr. Jones is now saying that at the time he was retained and up until the time Mr. Seretis filed his bankruptcy he had no indication that Mr. Seretis would file for Bankruptcy. This in our opinion is an untruthful representation made to the Court for the foregoing reasons:

      1. Mr. Tanner Bryce Jones, Esq., has never made an appearance in the Eastern District of New York or the SDNY, prior to this case. The only Federal appearances we were able to locate, were Bankruptcy Court appearances;

      2. The Bankruptcy petition for Mr. Seretis certified that Mr. Seretis received a briefing from an approved credit counseling agency within the 180 days before he filed the Bankruptcy. Meanwhile up until the evening of June 19, 2018, Mr. Lehman emailed us talking about the JPTO but did not inform us about any pending Bankruptcy;

      3. In his application for an extension to file the JPTO, Mr. Jones stated that this extension of time would provide Mr. Brian Lehman an opportunity to move the Court for Pro Hac Vice, admission. Mr. Lehman, never made that motion, rather he continued to deal with us, representing himself as the trial attorney.

For the reasons stated above any reasonable person can conclude that Mr. Jones was retained towards the tail end of the case, to file Bankruptcy on behalf of Mr. Seretis and attempt to get the case stayed in its entirety. Instead of alerting us to this fact, when he was first retained, Mr. Jones put on the appearance that they were preparing for trial, and put us in contact with Brian Lehman to handle the JPTO. Brian repeatedly assured us that his client was ready to go to trial, and that not only was his client ready to go to trial, but that his clients were ready to file an appeal, if Plaintiffs' received a favorable Judgement. These representation were made as late as June 19, 2018, just one day before Mr. Seretis filed a Notice of Bankruptcy. We expended tremendous amounts of resources in litigating this case, and in preparing for the JPTO. If Defense counsel were upfront with us about their intentions to stay the case, we could have avoided expending additional resources in preparing the JPTO, and we would have addressed the issue with the Court promptly.

      This Firm has expended a lot of time in preparing for the JPTO after contacting Defense Counsel. If the Court determines that Defense Counsel has withheld, the Defendant's intention to declare bankruptcy, in bad faith, Plaintiffs' counsel should be compensated for their work on the JPTO.

      I respectfully request that Your Honor deny staying this litigation, as to Foodoni, until Defendant can present proof that Mr. Seretis is the sole shareholder of Foodoni, and for any other relief this Court feels is just.

      Truly Yours

      VARACALLI & HAMRA, LLP

      _/s/ Ibrahim Abohamra_____
      By: Ibrahim Abohamra
      *Attorneys for Plaintiffs*

YANNIS BONIKOS, DIMITIRIOS OIKONOMOPOULOS, and RIGEL SHAHOLLI
32 Broadway, Ste 1818
New York, NY 10004
Tel.: (646) 590-0571
Fax.: (646) 619-4012
E-mail: Ahamra@svhllp.com