Hon. Roanne L. Mann                                                                                         July 2, 2018
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re: Response to Plaintiffs' Motion for Sanctions in *Bonikos et al v. Foodoni NY 23 Corp. et al.*, Case 1:17-cv-02162-AMD-RLM**

Chief Magistrate Mann:

Counsel for Defendants in the above-captioned case hereby respectfully respond to Plaintiffs' motion for sanctions precluding witness and evidence at trial (Dkt. #43). As a threshold matter, please recall that both defendants in this matter have now filed bankruptcy protection.

As detailed below, Plaintiffs' counsel have accused *everyone* on the other side -- (1) defendant Panos Seretis, (2) former defense counsel, (3) my co-counsel, and (4) myself -- of being "deceptive," "insincere," and making "untruthful representations" while Plaintiffs' counsel have violated this Court's orders by refusing to confer in good faith on the JPTO and individual bankruptcy petition by refusing to discuss any and all matters with us by phone or in person.

The relevant background is as follows: On June 3, 2018, I filed a notice of substitution of counsel. On June 11th, I asked for a one-week extension in order to come up to speed on the case. Two days later, June 13th, Mr. Hamra emailed: "My Partner or I would be happy to speak with you on Friday in regards to settlement." Mr. Hamra also accused former defense counsel and our client of being insincere at mediation concluding: "So if your client is not willing to get serious about settlement and make a legitimate offer, then this may be a waste of time."

On June 14th, Mr. Hamra sent over a draft of the JPTO, but stated that he did not draft it and had "not had adequate time to review it," which meant that my co-counsel could not jointly work with him. Mr. Hamra also stated that "Attorneys designated as trial counsel will change." On Thursday, June 15th, and Monday, June 19th, co-counsel and Mr. Hamra had phone conversations about settling the case. Mr. Hamra made numerous allegations about the strength of Mr. Seretis's financial health and ability to pay. Mr. Hamra emailed his research on the client to co-counsel, who then consulted Mr. Seretis on his financial condition.

At 11:58 a.m., on June 19, 2018, Mr. Hamra <u>finally</u> designated Douglas Varacalli as the lawyer to talk to about the JPTO -- eight days after my co-counsel had attempted to start working on it. Prior to that, it was impossible for co-counsel to work jointly on the JPTO because (1) Mr.

1

Hamra had not read it, and (2) Mr. Hamra only wanted to talk about settlement and why he believed that the individual defendant could afford to give him a certain amount of money.

My co-counsel and Douglas Varacalli began working on the JPTO that very afternoon. Then my co-counsel and Mr. Seretis discussed the defendants' financial conditions in light of Mr. Hamra's research. At this point it became clear that the corporate defendant had no assets and that Mr. Seretis's debts were so crushing that he would likely best be served by filing for bankruptcy protection even were this present matter to be dismissed. Co-counsel then suggested we find a bankruptcy lawyer, at which point I replied to him that I could handle the bankruptcy aspect -- a fact that until that moment co-counsel did not know or have reason to know.

Co-counsel worked diligently with Mr. Varacalli in the afternoon of the 19th and the day of the 20th on the JPTO. At the same time, I conducted due diligence with Mr. Seretis in order to determine his eligibility for filing a bankruptcy petition and directed him to take the mandatory pre-filing bankruptcy counseling course. I then filed the petition in bankruptcy court and notice with this Court that same day.

June 21st, in violation of Part II.E. of this Court's Individual Rules, Mr. Varacalli filed his motion for an extension without contacting me. At 6:17 p.m. that night, Mr. Hamra also wrote to my co-counsel with accusations that seemingly came out of nowhere:

> You have been deceptive in regards to your clients [*sic*] intent in this matter, and as to your intent to cooperate with us in preparation of the Joint Pre-trial order. Therefore, from this day forward we will no longer entertain any telephonic communications with your firm. Any communication we have from now on must be made in writing, via email.

Mr. Hamra did not respond or explain his position, which did not take into consideration that he only designated Mr. Varcalli just two days before to work jointly on the JTPO.

After this Court issued its June 22th Order, I filed a motion for reconsideration based on Second Circuit caselaw, which the Court denied without prejudice. I subsequently submitted a new notice on behalf the corporation in response to that denial.

Mr. Hamra opposed this new notice on the ground that the Answer, submitted by prior counsel, stated that "Individual Defendant is a part owner of Corporate Defendant." Mr. Hamra then accused me of lying to this Court and complained about not being warned of the bankruptcy filing in advance. Of course, as stated above, our firm did not know much about our client's financial health until Mr. Hamra's research prompted us to make such inquiries on June 19th.

On June 26th, pursuant to the Court's orders to confer on the JPTO and the issue of whether the individual defendant was the sole owner of the corporate defendant, I attempted to arrange a phone call with Mr. Hamra but he curtly responded "No." in an email, again demanding that I discuss everything in writing over email. On June 27th, I filed the corporation's petition for bankruptcy. That day, my co-counsel twice offered on email to talk with Mr. Hamra about his accusations including meeting in-person. I followed up with an email stating the same. Mr. Hamra has not responded to any of our offers.

In sum, Mr. Hamra has acted in a number of unprofessional ways. There is no evidence that Mr. Hamra sincerely wanted us to complete the JPTO. If he did, he would not have waited until just over two days remained before designating an associate for the case. Indeed, Mr. Hamra conceded that he did not even read the JPTO before sending it. His refusal to talk about anything other than settlement impeded the JPTO's completion and it now appears that he was strategically running out the clock to put us in a bind. His behavior became punitive and uncooperative after we rejected his settlement offers.

Furthermore, Plaintiffs' counsels' "email only" rule was clearly detrimental to achieving progress on two matters requiring both parties to act in good faith (the JPTO and ownership of the corporate defendant). Could we have rightfully demanded that they only communicate with us by phone or in person since we find that these are more productive ways of communicating? (Indeed, I do not believe that any party may demand a type of communication but rather that both parties should do their best efforts in good faith.)

Finally, Mr. Hamra emphasized that working on the JPTO wasted his firm's time if the individual defendant was planning to file for bankruptcy protection (an assumption on which he was mistaken). Yet he now seeks sanctions against the corporate defendant for *not* working on JPTO when it was, in fact, effectively protected via the bankruptcy of its sole owner and during which time we were both attempting to comply with this Court's order and confer with him about the ownership structure of the corporate defendant as well as evaluate whether the corporate defendant should file its own bankruptcy petition.

In light of the truth rather than Plaintiffs' counsels' speculation about defendants' plans and motives, Plaintiffs' repeated accusations and invective are unbecoming from an officer of the court. The motion for sanctions to preclude witnesses or other evidence should be denied for the reasons above or, alternatively, denied as moot given the stays for both the individual and corporate defendants in this matter.

/s/*T. Bryce Jones*
T. Bryce Jones
Counsel for Defendants